42 F.3d 1391
 Christopher McCLURE, Plaintiff-Appellant,
v.
CITY OF GARY, Department of Sanitation, a/k/a Gary Sanitary
District, et al., Defendants-Appellees.
 No. 94-1499.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 12, 1994.
Decided Dec. 7, 1994.
 
 Before CUMMINGS, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Christopher McClure filed an action under 42 U.S.C. Sec. 1983 alleging that defendants, the City of Gary Department of Sanitation and four individually named defendants, discriminated against him by violating his right to free speech under the First Amendment. A jury returned a verdict for defendants, and McClure's motion for a new trial was denied. Nevertheless, McClure sought attorney fees under 42 U.S.C. Sec. 1988. The district court denied the request for fees, and McClure appeals from that denial.
 
 Background
 
 2
 McClure began working for the city of Gary in 1984 as a laborer. In Spring 1990, he was promoted to an investigator position; his job was to sample and analyze water quality in Gary. In August 1990, McClure saw water being pumped from a Gary landfill into a Department of Sanitation manhole by Gary landfill workers who did not have a permit. McClure and a coworker reported their observations to a supervisor and filed a written report.
 
 
 3
 On September 21, 1990, McClure's probationary period was extended. In October 1990, he was demoted and transferred. In May 1991, he was in a fight with another employee, and consequently he was suspended. McClure claimed in his civil rights suit that the demotion, transfer and subsequent suspension were a result of his August 1990 report. At trial, defendant countered with evidence that McClure's probation was extended because he had a new supervisor who had not yet been able to review his performance.[1]
 
 
 4
 At the close of plaintiff's case-in-chief, the district court granted motions for acquittal of all but defendant Alvin Mickens, McClure's supervisor, leaving only the claim that Mickens discriminated when he extended McClure's probation in September 1990. Mickens introduced evidence demonstrating that the probation was extended because he was a new supervisor and had not yet been able to review McClure's performance.
 
 
 5
 At the close of all evidence, the jury found for defendant Mickens. By way of special interrogatories, the jury found that the August 1990 report was a substantial or motivating factor in Mickens' decision to extend McClure's probation; but it also found that the probation would have been extended even in the absence of the August 1990 report. The district court entered judgment on the verdict, denied McClure's motion for a new trial, denied his motion for attorney fees, and imposed Rule 11 sanctions against his attorney in the amount of $600 for filing a motion for attorney fees.
 
 Discussion
 
 6
 McClure argues that the jury's finding that the August 1990 report was a substantial or motivating factor in the decision to extend his probation qualifies him as a "prevailing party" under 42 U.S.C. Sec. 1988. That section allows the prevailing party, other than the United States, to recover, in the court's discretion, reasonable attorney fees in cases brought pursuant to Sec. 1983 and certain other statutes. A district court's determination regarding Sec. 1988 attorney fees will not be disturbed absent an abuse of discretion because the district court is in the best position to make that determination, due to its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." Hensley v. Eckerhart, 461 U.S. 424, 437.
 
 
 7
 In order to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. Farrar v. Hobby, 506 U.S. ----, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992). McClure had not done this. In fact, he has not obtained any direct benefit from the lawsuit. Id.
 
 
 8
 McClure relies on the implication that the jury found Mickens had mixed motives--an improper motive and a proper motive--for extending the probation period. But the fact that the jury found the August 1990 report influenced Mickens' decision to extend the period of probation does not mean McClure was entitled to recovery. In Mount Healthy City School District Board of Education v. Doyle, 429 U.S. 274 (1977), the Court held that in a mixed-motive case, plaintiff must show that his conduct was constitutionally protected; that his protected conduct was a "substantial factor" or a "motivating factor" in the employment decision. Mount Healthy, 429 U.S. at 287. Defendant must then show by a "preponderance of the evidence that [the employer] would have reached the same decision ... even in the absence of the protected conduct." Id. In this case, defendant successfully convinced the jury that it would have extended the probation even in the absence of McClure's making the August 1990 report.
 
 
 9
 Moreover, even if this claimed victory (a favorable "yes" on the special interrogatory) qualified McClure as a prevailing party, his degree of success was minimal compared to the amount of relief sought--in fact, he received no relief at all. See Farrar v. Hobby (jury found that all defendants but one conspired against plaintiffs, but that it was not a proximate cause of any injury suffered by them; nominal damages of $1 was awarded against the remaining defendant; attorney fee award of $280,000 reversed). At the end of the trial, McClure had no judgment, obtained no recovery of any kind, did not prevail on the significant issue of proving mixed motive, and achieved no public purpose through the litigation. See Farrar, 506 U.S. at ----, 113 S.Ct. at 578 (O'Connor, J., concurring) (listing three factors court should consider). The district court properly denied the motion of McClure's attorney seeking Sec. 1988 fees.[2]
 
 
 10
 Defendants ask this court to impose sanctions against McClure for filing a frivolous appeal. We decline to do so; however, pursuant to Fed.R.App.P. 39,[3] we order that McClure bear the costs of this appeal.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 While this issue did not go to trial, defendants' theory was that the demotion and transfer were due to unsatisfactory work, and the suspension was for fighting on the job
 
 
 [2]
 In addition, the court did not abuse its discretion in ordering McClure's attorney to pay, as Rule 11 sanctions, attorney fees of $600 to defendants' attorneys. The district court found that the motion for attorney fees was frivolous. Defendants' attorneys stated they had expended 15.5 hours responding to the motion at $100 per hour. The court found that "it cannot see how defendants' attorneys reasonably expended 15.5 hours preparing the opposition to this motion." The court concluded that 6 hours was more reasonable and awarded fees based on that figure
 
 
 [3]
 Rule 39 reads, in part: "[I]f a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered."